UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD GOODRICH, THOMAS
HARLAND, COREY MEISTER and
EUGENE LAATSCH, ON BEHALF OF
THEMSELVES AND THOSE
SIMILARLY SITUATED,

      Plaintiffs,                           CASE NO.: 8:11-CIV-1715-T-33TBM

v.

COVELLI FAMILY LIMITED
PARTNERSHIP, ET AL.,

      Defendants.

_____/

**MOTION TO DISMISS OF COVELLI ENTERPRISES, INC.
AND SUPPORTING MEMORANDUM OF LAW**

Defendant Covelli Enterprises, Inc., by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), moves for dismissal of the Second Amended Complaint and Demand for Jury Trial (DE 26), for its failure to state a claim upon which relief can be granted against said Defendant. In accordance with Middle District Rule 3.01(a), the motion is supported by a memorandum of legal authority.

**MEMORANDUM OF LAW**

**Preliminary Statement**

The Second Amended Complaint and Demand for Jury Trial (SAC) alleges a single claim for recovery of overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b). Plaintiffs assert that they "were/are misclassified, non exempt, salary paid employees performing maintenance work within the last three years for Defendants in multiple Florida counties, including, but not limited to Pinellas,

Hillsborough, Pasco, Hernando and Sumter County, Florida."[1]  Before Covelli Enterprises, Inc. (CE) was added as a party, Plaintiffs alleged that they were employed by Defendants Covelli Family Limited Partnership and A.M. Covelli Company, Inc. (together "Covelli").[2]  Plaintiffs now allege that CE is the "parent company of the co-defendant and joint employer of the Plaintiffs."[3]  No facts regarding Plaintiffs' employment relationship with any Defendant are alleged.  Plaintiffs assert only that "[d]uring their employment with Defendants, Plaintiffs, and those similarly situated employees, were misclassified as 'salaried' and 'exempt', worked overtime hours but were not paid straight time or overtime compensation at time and one-half compensation for same."[4]  This allegation is directed against all Defendants without distinction.

**Legal Standard Under Rule 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' ... it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. "In Twombly, the Supreme Court emphasized a complaint 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1261 (11th Cir.2009), citing Iqbal, 129 S.Ct. at 1949.

---

[1] DE 26, para. 2.
[2] DE 4, para. 1.
[3] DE 26, para. 5.
[4] DE 26, para. 14.

"In considering a 12(b)(6) motion to dismiss, a court's review is 'limited to the four corners of the complaint'…. Additionally, a court must view the complaint in the light most favorable to the plaintiff, and it must generally accept the plaintiff's well-pleaded facts as true…. But '[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'" Love v. IRS PALS, 2011 WL 5508803, *6 (S.D. Fla., Oct. 21, 2011). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Ovesen v. Scandinavian Boiler Serv., Inc., 2011 WL 3510586, *2 (S.D. Fla., Aug. 8, 2011). See also Gadzinski v. City of Fort Walton Beach, 2011 WL 2690403, *2 (N.D. Fla., July 8, 2011)("the court need not credit 'threadbare recitals' of the legal elements of a claim unsupported by plausible factual allegations because 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions'"); Berenato v. Tankel, 2011 WL 2784438, *1 (M.D. Fla., July 15, 2011)("the Court may dismiss a claim where a party fails to plead facts that make the claim facially plausible"); Sederquist v. Indus. Eng'g & Dev., Inc., 2011 WL 3331307, *1 (M.D. Fla., Aug. 3, 2011)("the operative standard is whether the allegations of the Complaint 'raise a right to relief above the speculative level' and contain 'enough facts to state a claim to relief that is plausible on in its face.'").

"Thus, a plaintiff is not required to make detailed factual allegations; however, 'a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do'." Suchite v. Kleppin, 2011 WL 1814665, *1 (S.D. Fla., Apr. 29, 2011). See also, Perez v. Muab, Inc., 2011 WL 845818, *1 (S.D. Fla., Mar. 7, 2011)("[a] court need not accept legal conclusions as true, but only well-pleaded factual allegations are

3

entitled to an assumption of truth"). <u>Llado-Carreno v. Guidant Corporation</u>, 2011 WL 6223409, *2 (S.D. Fla., May 16, 2011)("but pleadings that 'are no more than conclusions, are not entitled to the assumption of truth…they must be supported by factual allegations'").[5]

**<u>Argument</u>**

The FLSA applies to workers who are "employees." 29 <u>U.S.C.</u> §206(a)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 <u>U.S.C.</u> §203(d). "Critically, in pleading a cause of action under the FLSA, Plaintiff must establish an employer-employee relationship with the named defendants." <u>Thompson v. Real Estate Mortgage Network, Inc.</u>, 2011 WL 6935312, *3 (D.N.J., Dec. 30, 2011). "An 'entity employs a person if it suffers or permits the individual to work'." <u>Rogers v. KAR Holdings, Inc.</u>, 2008 WL 4059767, *3 (M.D. Fla., Aug. 27, 2008), *quoting* <u>Martinez-Mendoza v. Champion Int'l Corp.</u>, 340 F.3d 1200, 1207 (11th Cir. 2003). "The basic prerequisite for any FLSA lawsuit is an employment relationship between the plaintiff and defendant." <u>Davis v. Abington Memorial Hospital</u>, 2011 WL 4018106, *3 (E.D. Pa., Sept. 8, 2011).

 i. <u>Plaintiffs' Claim Of Joint Employment Cannot Rest Upon A Conclusory Allegation Alone</u>

"A determination of joint employment status under the FLSA is a question of law." <u>Tafalla v. All Florida Dialysis Services, Inc.</u>, 2009 WL 151159, *5 (S.D. Fla., Jan. 21, 2009), *citing* <u>Antenor v. D & S Farms</u>, 88 F.3d 925, 929 (11th Cir. 1996). "The existence

---

[5] <u>See generally</u>, <u>Independent Trust Corp. v. Stewart Info. Services Corp.</u>, 665 F.3d 930 (7th Cir. 2012) ("to survive a motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face… A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'").

4

of a joint employment relationship turns on the 'economic reality' of the relationship between the plaintiff and the putative employer, requiring courts to determine whether the surrounding circumstances show that the plaintiff is economically dependent on the putative employer." Tafalla, at *5.  The Eleventh Circuit's test for joint employment requires consideration of multiple factors:

> To determine whether a joint employment relationship exists, courts consider the following factors:  (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities.

Beck v. Boce Group, L.C., 391 F. Supp. 2d 1183, 1187 (S.D. Fla. 2005).  Cf. Saavedera v. Richard, 2001 WL 864972, *16 n. 5. (S.D. Tx., Mar. 3, 2011) (determination of employee's status under FLSA focuses on economic reality and dependence, including whether the alleged employer had the power to hire and fire employees; supervised and controlled their work schedules or conditions of employment; determined the rate and method of payment; and maintained employment records); Rodriguez v. Jones Boat Yard, Inc., 2010 WL 7325250, *6 (S.D. Fla., July 26, 2010) (evidence that putative employer prepared payroll and payment of her wages was insufficient to establish employment relationship).

"The Eleventh Circuit has unambiguously held that the FLSA does not apply to an individual in the absence of an employer-employee relationship under 29 U.S.C. §§206-07." Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc., 2012 WL 202803, *3 (S.D. Fla., Jan. 20, 2012).  In Freeman, the court dismissed the FLSA

claim of a volunteer fireman for his failure to allege sufficient facts to show that he was an employee based on the "economic reality" of the relationship between the parties. It was not enough to allege employment without supporting facts:

> It is fundamental to alleging a FLSA claim that [plaintiff] establish he was an employee of the Defendants at times material to this action. Conclusory allegations of employment are insufficient to withstand dismissal. For this reason alone, the Motion should be granted. Although this action is before the Court at the motion to dismiss stage, it is clear that Plaintiff's claims cannot surpass the hurdle posed by the clear lack of an employment relationship between Plaintiff and Defendants. Allowing this case to proceed further would be a waste of the parties' time and resources, particularly given the well-known expenses of discovery and litigation.

Id. at *4.

The analysis of whether a party is a "joint employer requires a court to take into account the 'real economic relationship' between the employee, employer, and putative joint employer." Lepkowski v. Telatron Marketing Group, Inc., 766 F. Supp. 2d 572, 577 (W.D. Pa. 2011). Plaintiffs allege no facts to support their allegation that CE is their "joint employer." The SAC is silent regarding the "economic reality" of the relationship between Plaintiffs' and CE, and Plaintiffs fail to assert any facts necessary to the Court's consideration of whether a joint employment relationship may exist. It is Plaintiffs burden to allege sufficient facts to show that they are economically dependent on CE as the putative joint employer. Having failed to plead any facts to show that CE was their joint employer, Plaintiffs' against this Defendant should be dismissed. See Aimable v. Long & Scott Farms, 20 F.3d 434, 440 (11th Cir. 1994); Salley v. PBS of Central Florida, Inc., 2007 WL 4365634, *3 (M.D. Fla., Dec. 12, 2007)(economic reality of plaintiff's relationship with alleged joint employer was "not one of employer/employee" because putative joint employer had "virtually no control over Plaintiff's employment"). Cf.

Gonzalez v. Old Lisbon Restaurant & Bar, LLC, 2011 WL 5082158, *3 (S.D. Fla., Oct. 25, 2011) (restaurant busboy's allegation that two companies, "performed through unified operation and common control" was "insufficient to state a claim under a joint enterprise theory because it contains only bare legal conclusions and does not specifically allege any actual facts describing Defendants or their businesses"), *citing* Kendrick v. Eagle International Group, LLC, 2009 WL 3855227, *3 (S.D. Fla., Nov. 17, 2009) (FLSA complaint dismissed where plaintiff "failed to allege a single fact to support her legal conclusion that [defendant]…is an employer under the FLSA").

    ii.    Conclusory Allegation That CE Was A "Parent" Company Insufficient To Withstand Dismissal

"The doctrine of limited liability creates a strong presumption that a parent corporation is not the employer of its subsidiary's employees," and '[o]nly evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary' is sufficient to establish a joint employer relationship." In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation, 735 F. Supp. 2d 277, 338 (W.D. Pa. 2010), *quoting from* Lusk v. Foxmeyer Health Corporation, 129 F.3d 773, 778 (5th Cir. 1997).[6] See also Johnson v. Verizon Communications, Inc., 2011 WL 1343390, *2 (N.D. Tex., April 7, 2011)("there is a strong presumption that a subsidiary's employee is not the employee of the parent company…. To overcome this presumption, the plaintiff must present evidence establishing a 'significant departure from the ordinary relationship between a parent and its subsidiary'").

---

[6] Cf. Engelhardt v. S.P. Richards Company, Inc. 472 F.3d 1, 4 (1st Cir. 2006)(under FMLA, a "corporation is a single employer rather than its separate establishments or divisions," and there is a "strong presumption that a parent corporation is not the employer of its subsidiary's employees"); Smith v. International Business Machines Corporation, 2011 WL 3502783, *3 (S.D. Tex., Aug. 10, 2011)(under Title VII there is a strong presumption that separate corporations are distinct entities; to overcome this presumption, courts consider three factors, the most important being which entity made the final decisions regarding employment matters related to the person claiming discrimination?).

Plaintiffs allege no facts to support their claim that CE is the "parent company" of Covelli. In particular, Plaintiffs fail to allege that any aspects of their employment were authorized, controlled, or determined by CE. See, e.g. Kolczynski v. United Space Alliance, LLC, 2005 WL 2291706, *3 (M.D. Fla., Sept. 20, 2005)(parent corporations were entitled to summary judgment because evidence of employment relationship between them and plaintiff was lacking). Because the SAC wholly fails to describe any facts to suggest that CE is either a parent company or the joint employer of Plaintiffs,[7] the claims against Defendant Covelli Enterprises, Inc., should be dismissed.

I HEREBY CERTIFY that on this 20th day of February, 2012, we electronically filed the foregoing with the Clerk of Court by using CM/ECF system.

s/ **David A. Glenny**
David A. Glenny
Florida Bar No. 371807
Susan J. Cole
Florida Bar No. 270474
Attorneys for Defendants
Bice Cole Law Firm, PL
1333 S.E. 25th Loop, Suite 101
Ocala, Florida 34471
(352) 732-2255- phone
(352) 351-0166 – fax
glenny@bicecolelaw.com
cole@bicecolelaw.com

---

[7] The allegation of joint employment of Plaintiffs by CE was refuted in the Response to Plaintiffs' Motion for Conditional Certification as Collective Action and Memorandum of Legal Authority in Opposition (DE 35). Attached to the response were affidavits that acknowledged Plaintiffs' employment by Covelli Family Limited Partnership but denied their employment by CE. See Exhibits "A" and "B" to the response. The affidavits also denied that CE was a "parent company" of Covelli Family Limited Partnership or A.M. Covelli Company, Inc.

8