UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD E. GOODRICH, THOMAS
HARLAND, COREY MEISTER and
EUGENE LAATSCH, on Behalf of
Themselves and Those Similarly
Situated,

        Plaintiffs,
v.                         Case No. 8:11-cv-1715-T-33TBM

COVELLI FAMILY LIMITED
PARTNERSHIP, A.M. COVELLI
COMPANY, INC., and COVELLI
ENTERPRISES, INC.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Covelli Enterprises, Inc.'s Motion to Dismiss (Doc. # 38), which was filed on February 20, 2012. Plaintiffs filed a Response in Opposition to the Motion (Doc. # 42) on March 12, 2012. For the reasons that follow, the Court denies the Motion to Dismiss.

**I.    Background**

Plaintiffs initiated this Fair Labor Standards Act, 29 U.S.C. § 216(b), case as a putative class action on August 2, 2011. (Doc. # 1). Plaintiffs filed an Amended Complaint (Doc. # 4) on August 9, 2011, and filed a Second Amended Complaint (Doc. # 26) on December 21, 2011.

As one of three Defendants, Covelli Enterprises, Inc. seeks to be dismissed arguing that it is not a joint employer subject to liability in this action. Plaintiffs, on the other hand, assert that they have a good faith basis for suing Covelli Enterprises, Inc. as a joint employer under the FLSA.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to

accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

III. **Analysis**

As a threshold matter, the Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings. "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). The Court has not considered the check attached to Plaintiffs' Response in Opposition to the Motion for Summary Judgment reflecting that Plaintiff Thomas Harland received compensation directly from Covelli Enterprises, Inc. Rather, the Court has confined the scope of its analysis to the four corners of the Second Amended Complaint.[1]

---

[1] Although the Court could technically consider the external document and convert the Motion to Dismiss into a

3

Upon due consideration of the well-pleaded allegations of Plaintiffs' Second Amended Complaint, which the Court must accept as true at this juncture, the Court determines that it is appropriate to deny the Motion to Dismiss. Plaintiffs allege that Defendant Covelli Enterprises, Inc. is the parent company of the co-defendants (Covelli Family Limited Partnership and A.M. Covelli Company, Inc.) and was a "joint employer of the Plaintiffs." (Doc. # 26 at ¶ 5).

Citing <u>Tafalla v. All Florida Dialysis Servs.</u>, No. 07-80396, 2009 U.S. Dist. LEXIS 3802, at *15 (S.D. Fla. Jan. 21, 2009), Covelli Enterprises, Inc. correctly argues that joint employer status is a matter of law to be determined by the Court based on the economic realities test. However, the Court notes that the <u>Tafalla</u> case addressed the fact-intensive issue of joint employment status at the summary judgment stage, after giving the parties the opportunity to conduct discovery.

In the present case, Plaintiffs assert that they will be

---

motion for summary judgment pursuant to Rule 12(d), Fed.R.Civ.P., the Court determines that it would not be appropriate to do so. The case has not yet been set for trial and the Court has not yet entered a Case Management and Scheduling Order setting forth the discovery deadline. This Court will give the parties an opportunity to conduct discovery before moving forward with summary judgment analysis.

able to prove that Covelli Enterprises, Inc. was a joint employer after conducting discovery. Rather than dismissing Plaintiffs' action against Covelli Enterprises, Inc. at this early juncture, the Court will give Plaintiffs an opportunity to prove their case, including the contention that Covelli Enterprises, Inc, is a "joint employer" under the FLSA.

Thus, this Court denies the Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Covelli Enterprises, Inc.'s Motion to Dismiss (Doc. # 38) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record