UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD E. GOODRICH, THOMAS HARLAND, COREY MEISTER and EUGENE LAATSCH, on behalf of themselves and those similarly situated,

Plaintiffs,

v. Case No. 8:11-cv-1715-T-33TBM

COVELLI FAMILY LIMITED PARTNERSHIP, A.M. COVELLI COMPANY, INC. and COVELLI ENTERPRISES, INC.,

Defendants.
_______________________________/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion for Conditional Certification as Collective Action Pursuant to 29 U.S.C. § 216(b) (Doc. # 33), which was filed on January 17, 2012. Defendants filed a Response in Opposition to the Motion on January 31, 2012. (Doc. # 35). For the reasons that follow, the Court denies Plaintiffs' Motion for Conditional Certification as Collective Action.

## I. Factual Background

Plaintiffs initiated this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et. seq., on August 2, 2011. (Doc. # 1). The Second Amended Complaint (Doc. # 26), filed December 21, 2011, is the operative

Complaint. Plaintiffs Ronald Goodrich, Thomas Harland, Corey Meister and Eugene Laatsch sue Covelli Family Limited Partnership, A.M. Covelli Company, Inc. and Covelli Enterprises, Inc. for recovery of unpaid overtime wages. Plaintiffs, restaurant maintenance workers, allege that they were "misclassified as 'salaried' and 'exempt' employees and were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week." Id. at ¶ 10.

At this stage of the proceedings, Plaintiffs seek conditional certification of this case as a collective action consisting of all current and former "maintenance workers who were subjected to [Defendants'] illegal pay practices . . . at anytime within the last three years at Defendants' facilities throughout Florida and the United States." (Doc. # 33 at 5).

Defendants oppose conditional certification and argue that Plaintiffs have not demonstrated that there are other employees who desire to opt into the litigation or that these other employees, if any, are similarly situated with respect to their job requirements and pay arrangements. As will be discussed below, based on Plaintiffs' insufficient showing, the Court denies conditional certification.

## II. Legal Standard

The FLSA expressly permits collective actions against employers accused of violating the FLSA’s mandatory overtime provisions. See 29 U.S.C. § 216(b) (“[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.”) In prospective collective actions brought pursuant to Section 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. (“No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.”).

Pursuant to Section 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy by which “[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged” activity. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989). In making collective action certification determinations under the FLSA, the Eleventh Circuit has suggested a two-tiered approach:

> The first determination is made at the so-called notice stage. At the notice stage, the district court makes a decision - usually based only on the

> pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)(internal citations and quotation marks omitted).[1]

To maintain a collective action under the FLSA, Plaintiffs must demonstrate that they are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). Similarly situated employees must affirmatively opt into the litigation by giving their consent in writing and filing their consent in the court in which such

---

[1] Although the Eleventh Circuit recommended district courts utilize the two-tiered approach, the court noted that nothing in this circuit's precedent required district courts to utilize it. Hipp, 252 F.3d at 1219. In fact, the court in Hipp emphasized that the decision of whether to create an opt-in class under Section 216(b) "remains soundly within the discretion of the district court." Id.

action is brought. 29 U.S.C. § 216(b).

At the notice stage, the Court should initially determine whether there are other employees who desire to opt into the action and whether the employees who desire to opt in are similarly situated. Morgan, 551 F.3d at 1259; Dybach v. State of Fla. Dep't of Corrections, 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. The Plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees and must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Morgan, 551 F.3d at 1261 (internal citations omitted). Essentially, at this stage of the proceedings, the Court must determine whether there are other of Defendants' restaurant maintenance workers who are similarly situated and who desire to opt in. Dybach, 942 F.2d at 1567-68.

## III. Analysis

Here, Plaintiffs have not filed a single affidavit or declaration in support of their position that other similarly situated individuals exist who desire to opt into the present

suit.[2] Plaintiffs appear to rely on the fact that they are four in number to support the required showing that others who are similarly situated desire to opt into the litigation: "At this early stage of this litigation, four individuals have already joined in this action and all have filed Court Ordered Interrogatories which support [conditional certification]." (Doc. # 33 at 3). Plaintiffs also suggest that their answers to the Court's interrogatories satisfy Plaintiffs' initial burden: "Based upon review of the sworn answers from the named Plaintiffs, specific facts have been given to support their belief that other employees are interested in opting in." (Doc. # 33 at 9). However, the Court reviewed Plaintiffs' sworn answers to the Court's interrogatories and such answers do not shed light on the issue presented. (Doc. ## 13-16). Specifically, the answers to the Court's interrogatories addressed only the facts and circumstances of the individual Plaintiffs' job duties and pay arrangements. Id. None of the interrogatory answers referenced other maintenance workers employed by Defendants who are similarly situated and who may desire to opt into this litigation. Id.

[2] Interestingly, Plaintiffs mention their declarations in the Motion (Doc. # 33 at 13); however, Plaintiffs failed to file any declarations in support of the Motion.

At the initial stage, Plaintiffs must demonstrate that there are other employees who desire to opt into the ligation and that these other employees are similarly situated with respect to their job requirements and pay arrangements. Dybach, 942 F.2d at 1567-68. See Manzi v. Hartman & Tyner, Inc., No. 11-cv-60426, 2011 U.S. Dist. LEXIS 73562, at *5 (S.D. Fla. July 8, 2011)("[i]n making this showing, a plaintiff cannot rely on speculative, vague, and conclusory allegations.")

Although Plaintiffs' initial burden is minimal, it cannot be met based on what Plaintiffs have tendered to this Court. A minimal burden should not be confused with a nonexistent burden. Absent affidavits, declarations, or other detailed allegations beyond mere arguments by Plaintiffs' counsel, the Court cannot grant conditional certification. See David v. Associated Out-Door Clubs, Inc., No. 8:09-cv-1541-T-30MAP, 2010 U.S. Dist. LEXIS 50507, at *3 (M.D. Fla. Apr. 27, 2010)("[t]he onus is on the plaintiffs to demonstrate a reasonable basis for the assertion that there are other employees who desire to opt-in. Mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification."); Delano v. MasTec, Inc., No. 8:10-cv-320-T-27MAP, 2011 U.S. Dist. LEXIS 59228

(M.D. Fla. June 1, 2011)("a plaintiff's or counsel's belief in the existence of other employees who desire to opt-in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification or a collective action and notice to a potential class.")(internal citations and quotation marks omitted). Based on Plaintiffs' failure to meet their initial burden, the Court denies the Motion for Conditional Certification.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Conditional Certification as Collective Action Pursuant to 29 U.S.C. § 216(b) (Doc. # 33) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of March 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record